Wright, J.,
delivered the opinion of the Court.
There is no error in this judgment. The first objection to it made by the plaintiff in error, is to the *597 reading of the deed from A. P. Sbnlts to Dennis, the defendant, because it was acknowledged before the clerk of the County Court, after the issuance of the warrant; and it is said did not, in law, take effect before its acknowledgment. This objection is untenable, for two reasons: first, because the- deed bore, date long before the issuance of the warrant, and for aught that appears in the record, may have been proved as a common law instrument, to have been executed at its date. If so, it took effect then. The record does not negative this, or show that the acknowledgment was the only proof, and the Circuit Judge cannot be put in error unless this were shown. Secondly, because the plaintiff below was in the actual possession of the land injured, and as the ease stood, did not need any deraignment of title.
The next error assigned is, that the warrant did not show that the land injured by the act of the plaintiff in error lay in Cocke county. This was not necessary. .The proof showed it; and that was sufficient. Bodenhamer vs. Bodenhamer, 6 Humph., 264.
It is next said the warrant is in form, trespass vi et armis, when it should be in case for consequential damages. This is untenable by the same authority. 6 Humph., 264. The form of the warrant is nothing. The justice must decide on the evidence. Besides, some of the proof shows a direct injury.
The charge of the Circuit Judge is next objected to; but we can see no error in it. In relation to the license claimed, to overflow the plaintiff’s land, it followed the case of Harris vs. Miller, Meigs’ Rep., 158. And in all other respects seems free of objection.
Affirm the judgment.